COURT'S
EXHIBIT NO. 2
IDENTIFICATION/EVIDENCE
DKT.# 23cv432
DATE: 8/16/2024

NEM:SMS
F. # 2023R00731

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

KATHERINE QUINTERO DAZA,
    also known as
    "Jessica Marlen Salazar" and
    "Catalina Aponte Garcia,"

           Defendant.

- - - - - - - - - - - - - - - - - - X

PLEA AGREEMENT

23 CR 432 (WFK) (S-3)

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and KATHERINE QUINTERO DAZA (the "defendant") agree to the following:

1. The defendant will plead guilty to Count One of the above-captioned third superseding indictment (the "Indictment"), charging conspiracy to commit interstate transportation of stolen property, a violation of 18 U.S.C. § 371. The count carries the following statutory penalties:

    a. Maximum term of imprisonment: 5 years
       (18 U.S.C. § 371).

    b. Minimum term of imprisonment: none
       (18 U.S.C. § 371)

    c. Maximum supervised release term: 3 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 1 year without credit for pre-release imprisonment or time previously served on post-release supervision
       (18 U.S.C. § 3583 (b) & (e)).

  d. Maximum fine: Greater of $250,000, or twice the gross gain or twice the gross loss
(18 U.S.C. § 3571(b)(2), (b)(3) and (d)).

  e. Restitution: Mandatory in the full amount of each victim's losses as determined by the Court, which the parties estimate is $5,289,578.00.
(18 U.S.C. §§ 3663A and 3664).

  f. $100 special assessment
(18 U.S.C. § 3013).

  g. Other penalties: criminal forfeiture as set forth in paragraphs 6 through 11 (18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)); removal, as set forth below in paragraph 13.

2. The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). The Office estimates the likely adjusted offense level under the Guidelines to be 26, which is predicated on the following Guidelines calculation:

| | | |
|---|---|---:|
| Base Offense Level (U.S.S.G. § 2B1.1(a)(2)) | | 6 |
| Plus: | Loss Exceeds $3.5 Million (U.S.S.G. § 2B1.1(b)(1)(J)) | +18 |

2

| | | |
|---|---|---:|
| Plus: | Offense Involved Theft From Person of Another (U.S.S.G. § 2B1.1(b)(3)) | +2 |
| Plus: | Offense Involved Sophisticated Means (U.S.S.G. § 2B1.1(b)(10)(C)) | +2 |
| Less: | The Defendant Meets the Criteria in U.S.S.G. § 4C1.1(a) | <u>-2</u> |
| Total: | | <u>26</u> |

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 24 and a range of imprisonment of 51 - 60 months, assuming that the defendant falls within Criminal History Category I. Furthermore, if the defendant has accepted responsibility as described above, to the satisfaction of the Office, and if the defendant pleads guilty on or before September 13, 2024, an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b), resulting in an adjusted offense level of 23. This level carries a range of imprisonment of 46 - 57 months, assuming that the defendant falls within Criminal History Category I. The defendant stipulates to the above Guidelines calculation.

       3.       The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

       4.       The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 60 months or below. This waiver is

binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. The defendant further waives the right to raise on appeal or on collateral review any argument that (a) the statute to which the defendant is pleading guilty is unconstitutional and (b) the admitted conduct does not fall within the scope of the statute. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) she is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing. The defendant understands that she may be subject to removal as set forth in paragraph 13 below. Nevertheless, the defendant affirms that she wants to plead guilty and to waive her right to appeal as set forth at the beginning of this paragraph, even if the consequence is the defendant's automatic removal from the United States.

      5.     The Office agrees that:

          a)     no further criminal charges will be brought against the defendant for engaging in the interstate transportation of stolen property between June 2022 and October 2023, and conspiring to do so, and entering the secure area of an airport on March 15, 2023, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution

pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss the remaining counts of the Indictment and any underlying indictments with prejudice;

and, based upon information now known to the Office, it will

    b)    take no position concerning where within the Guidelines range determined by the Court the sentence should fall; and

    c)    make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraphs 5(b) and 5(c). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from her plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to: (a) moving for the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 2 above; and (b) the provisions of paragraphs 5(a)-(c).

    6.    The defendant acknowledges that she obtained and/or acquired property that is subject to forfeiture as a result of her violation of 18 U.S.C. § 371, to wit, conspiracy to commit interstate transportation of stolen property, as alleged in the Indictment. The defendant consents to the forfeiture of all right, title and interest in the assets seized from the defendant's luggage on or about October 2, 2023, at John F. Kennedy International Airport in Queens, New York (collectively, the "Seized Assets"), as listed in Schedule A which is attached hereto and incorporated by reference. The defendant agrees that the Seized Assets represent any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of the defendant's violation of 18 U.S.C. § 371, and/or substitute assets, and thus are forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C.

§ 2461(c), in any administrative and/or judicial (civil or criminal) proceeding(s) at the Office's exclusive discretion. The defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, forfeiting the Seized Assets.

7.  If the defendant fails to surrender and forfeit the Seized Assets, the defendant consents to the forfeiture of any other property of hers up to the amount of the value of the Seized Assets, pursuant to 21 U.S.C. § 853(p), and further agrees the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

8.  The defendant agrees to fully assist the government in effectuating the surrender and forfeiture of the Seized Assets to the United States, and to take whatever steps are necessary to ensure that clear title passes to the United States, including the execution of any documents necessary to effectuate the surrender and transfer of title to the United States. The defendant agrees not to file a claim or petition seeking remission or contesting the forfeiture of the Seized Assets in any administrative or judicial (civil or criminal) proceeding. The defendant further agrees not to assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of the Seized Assets in any administrative or judicial (civil or criminal) forfeiture proceeding. Further, if any third party files a claim to the Seized Assets, the defendant will assist the government in defending such claim.

9.  The failure of the defendant to forfeit any monies and/or properties as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a material breach of this agreement. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.

10. The defendant knowingly and voluntarily waives her right to any required notice concerning the forfeiture of any monies and/or properties forfeited hereunder, including notice set forth in an indictment, information or administrative notice. In addition, the defendant knowingly and voluntarily waives her right, if any, to a jury trial on the forfeiture of the Seized Assets, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

11. The defendant agrees that the forfeiture of the Seized Assets is not to be considered a payment of a fine, penalty, restitution loss amount, or any income taxes that may be due, and shall survive bankruptcy.

12. Pursuant to 18 U.S.C. §§ 3663, 3663A and 3664, the defendant agrees to the entry of a Restitution Order in accordance with paragraph 1(e) in the amount of $5,289,578.00. The defendant further agrees to comply with and be bound by the terms and conditions set forth in the restitution order, including, *inter alia*: (a) waiving any right to seek discharge of his restitution obligation, in whole or in part, in any present or future bankruptcy proceeding or in any collateral attack on this conviction; (b) cooperating fully with the United States' request for financial information, even after the termination of supervised release, including providing the United States, under penalty of perjury, a financial statement which shall identify all assets owned or held directly or indirectly by the defendant; and (c) that any monetary penalties imposed by the Court, whether fines or restitution, are due immediately and subject to immediate enforcement by the United States as provided for in 18 U.S.C. § 3613 and

7

that any schedule of payments imposed by the Court does not, in any way, limit other methods available to the United States to enforce or collect the monetary penalties imposed.

13. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Indeed, because the defendant is pleading guilty to an aggravated felony, conspiracy to commit interstate transportation of stolen property, removal is presumptively mandatory. See 8 U.S.C. §§ 1228(c), 1101(a)(43)(G), 1101(a)(43)(U). Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

14. This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

15. Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from any written proffer agreements, if applicable, this agreement supersedes all prior

promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated: Brooklyn, New York
       August 16, 2024

BREON PEACE
United States Attorney
Eastern District of New York

By: _____
Sean M. Sherman
Assistant United States Attorney

Approved by: _____

Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
KATHERINE QUINTERO DAZA
Defendant

Approved by:

_____
Benjamin Yaster, Esq.
Counsel to Defendant

Translated by:

WILLIAM BURNELL, FEDERAL DEFENDERS OF NY

9

Schedule A

1. approximately $1,257.19 in United States Currency;
2. one black rope necklace with two medallions;
3. one blue colored ring;
4. one gray two medallion necklace;
5. one gray and yellow colored bracelet;
6. one gray colored "MOM" charm;
7. one gray colored band with seashell charms;
8. three gray colored bracelets;
9. one gray colored bracelet with 3 charms
10. one gray colored Cartier ring, C26948;
11. one gray colored cross necklace;
12. two pairs of gray colored earrings;
13. one gray colored flower bracelet;
14. one pair of gray colored hoop earrings;
15. one gray colored necklace;
16. four gray colored rings;
17. one green colored Buddha pendant;
18. one gray colored earring;
19. one pair rose colored earrings;
20. one rose colored ring;
21. one pink and white bead bracelet;
22. one Rolex Oyster Perpetual Datejust Pink Dial - Flower
23. one rose colored bracelet with 3 charms;

24. one rose colored Cartier bracelet, BYT896;

25. two gray colored Infiniti earrings;

26. three yellow assorted pendants;

27. one yellow bracelet;

28. one yellow Cartier ring and necklace, XY2548;

29. three yellow colored bracelets;

30. one yellow colored Cartier bracelet with yellow colored chain, 16 DJF073 AU750;

31. one yellow colored Cartier ring, EUI553;

32. one yellow colored Crucifix and Medallion necklace;

33. one yellow colored heart pendant necklace;

34. three yellow colored necklaces;

35. one yellow colored necklace with pendant;

36. six yellow colored rings;

37. one yellow colored square pendant necklace; and

38. one yellow crucifix necklace.